UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Crim. No. 3:15CR161 (AWT) |
| | : |
| ROBERT LEE MINNIFIELD, III | : |

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

For the reasons set forth below, the defendant's motions for compassionate release (ECF Nos. 292 and 296) are hereby DENIED.

Defendant Robert Minnifield moves, pursuant to 18 U.S.C. § 3582 (c)(1)(A)(i), for an order reducing his sentence to time served followed by a period of home confinement. He states that "he is within six months of release on a sixty-month sentence, he has not been designated to a halfway house, the pandemic has frozen all or most programming for the past seven months and the pandemic presents an unreasonable health risk to all inmates, visitation was precluded for the same period, and he has remained discipline-free." Def.'s Mot. (ECF No. 296) at 1.

On January 9, 2017, the court sentenced the defendant to a term of 60 months of imprisonment to be followed by a 4-year term of supervised release. This followed his plea of guilty to Count One of an Indictment which charges the defendant with

conspiracy to possess with intent to distribute 28 grams or more of cocaine base in violation of Sections 846, 841(a)(1), and 841(b)(1)(B)(iii) of Title 21 of the United States Code.

The Presentence Report calculated the defendant's total offense level to be 21 and his criminal history category to be VI, so the Sentencing Guidelines included a range of 77 months to 96 months of imprisonment.  The defendant faced a mandatory minimum term of imprisonment of 5 years; the government agreed not to file a Section 851 information which would have exposed the defendant to a mandatory minimum term of 10 years of imprisonment.  The court imposed a non-Guidelines sentence, which included a 60-month term of imprisonment, to reflect the efforts the defendant had made in terms of rehabilitation both before and after he committed the offense of conviction and to put appropriate weight on the time the defendant served for violation of his special parole imposed by the state court. There was a discussion at sentencing of the defendant's serious criminal history; the court noted that an important question for the court to resolve was whether it should put primary weight on the need to protect the public from further crimes committed by the defendant and the need to defer the defendant from committing further offenses.  The court decided not to because of the efforts that had been made by the defendant, on his own, to obtain a job.  Paragraph 81 of the Presentence Report

reflects that the defendant was encouraged to consider participation in Reentry Court, as well as Support Court, to assist him in his effort to make a break from his past and lead a more meaningful life.

Section 3582(c)(1)(A) of Title 18, which governs compassionate release, requires as an initial matter that:

> the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A).  Assuming a defendant has exhausted administrative remedies, a court may reduce a term of imprisonment under Section 3582(c)(1)(A)(i) if, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, the court finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission".  18 U.S.C. § 3582(c)(1)(A)(i).  The policy statement in U.S.S.G. § 1B1.13 is applicable to compassionate release.

The defendant has satisfied the requirement that he exhaust his administrative remedies.  The court concludes, however, that the applicable Section 3553(a) factors counsel against reduction of the defendant's sentence.

     The defendant had seven prior convictions before he committed the offense of conviction, and he had been discharged to special parole supervision for his most recent state court conviction at the time he committed the offense of conviction. The defendant clearly struggled after his release to the community on July 28, 2014; the fact that the defendant appeared to be making significant steps in terms of rehabilitation did not keep him from committing the offense of conviction.  At the time the defendant filed the instant motion, he had not been designated to a halfway house, but he is currently residing at a halfway house.

     Based on the defendant's prior performance while on supervision, it is important that the defendant benefit this time around from the structured programming he will receive as a result of residing at a halfway house.  The court believes that having the defendant transition now from a halfway house to residing in the community would not serve the goal of rehabilitation.  Thus releasing the defendant to home confinement now is not sufficient to serve the purposes of sentencing, as contemplated by Section 3553(a).[1]

     It is so ordered.

---

[1] The court notes that the advice of the author of the Presentence Report with respect to Reentry Court remains sound advice.

Signed this 5th day of January 2021 at Hartford, Connecticut.

                                                  /s/AWT
                                           Alvin W. Thompson
                                   United States District Judge